UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CALIFORNIA RIVER WATCH, | Case No. 15-cv-03263-MEJ |
|---|---|
| Plaintiff, | |
| v. | **ORDER VACATING CMC** |
| COUNTY OF MENDOCINO, et al., | **CASE MANAGEMENT ORDER** |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 16, the Court issues the following Case Management Order. Failure to comply with this Order is cause for sanctions under Rule 16(f). The December 3, 2015 Case Management Conference is VACATED. All questions should be directed to Rose Maher, Courtroom Deputy, at (415) 522-4708.

| SUMMARY OF CASE MANAGEMENT DEADLINES ||
|---|---|
| Deadline to Seek Leave to Amend Pleadings | 2/29/2016 |
| Disclosure of Expert Witnesses | 4/29/2016 |
| Disclosure of Rebuttal Expert Witnesses | 5/9/2016 |
| Close of Discovery | 5/24/2016 |
| Deadline to File Dispositive Motions | 6/23/2016 |
| Hearing on Dispositive Motions | 7/28/2016 at 10:00 a.m. |
| Exchange of Pretrial Disclosures | 9/28/2016 |
| Deadline to File Pretrial Conference Statement and Related Disclosures, Motions in Limine, and Trial Briefs and Related Documents | 10/13/2016 |
| Deadline to File Motions in Limine Oppositions | 10/20/2016 |
| Pretrial Conference | 11/3/2016 at 10:00 a.m. |
| Final Pretrial Conference | 12/1/2016 at 10:00 a.m. |
| Trial | 12/12/2016 at 9:30 a.m. (Duration: 3 days) |

# PRETRIAL INSTRUCTIONS

A. **ADR**: The parties are referred to mediation.

B. **Deadline to Seek Leave to Amend Pleadings**: February 29, 2016.

C. **Discovery**: The parties shall abide by the undersigned's Discovery Standing Order, available at http://cand.uscourts.gov/mejorders.  All discovery, including depositions of expert witnesses, must be completed by May 24, 2016.  Pursuant to Rule 16(b) and Civil Local Rule 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cut-off date is not enforceable except by order of the Court and upon a showing of good cause.  No discovery disputes may be brought to the Court's attention more than seven (7) days after the discovery cut-off date.

D. **Disclosure of Expert Witnesses**: Any party wishing to present expert witness testimony shall serve on all other parties the expert's name, address, qualifications, resume, and a written report in compliance with Rule 26(a)(2)(B) by April 29, 2016.  This disclosure must be made with respect to a person who is either: (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702; or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.  All parties have a continuing duty to supplement the disclosure of expert witnesses when required under Rule 26(e)(1).

E. **Disclosure of Rebuttal Expert Witnesses**: Any expert testimony intended solely to contradict or rebut another party's opinion testimony shall be disclosed in compliance with Rule 26(a)(2)(B) by May 09, 2016.

F. **Limitation on Testimony by Expert Witnesses**: Each party is limited to one expert witness in each discipline involved in the case, except by order of the Court.  To ensure that all factual material (including tests and/or reports) upon which expert opinion may be based is timely disclosed, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition, unless the parties enter into a written stipulation otherwise.  Any party objecting to the admissibility of expert testimony must file a motion in limine to exclude the testimony by the deadline set forth below.

G. **Pretrial Motions**: All pretrial motions shall be filed in accordance with Civil Local Rule 7

and noticed for hearing on any available Thursday at 10:00 a.m., without contacting the Court. All dispositive motions shall be filed, served, and noticed by June 23, 2016. The Court shall hear dispositive motions on July 28, 2016 at 10:00 a.m. in Courtroom B, located on the 15th Floor of the Federal Building, 450 Golden Gate Avenue, San Francisco, California.

All summary judgment motions shall comply with the following requirements for statements of facts:

(1) <u>Separate Statement of Facts</u>: Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.). A failure to submit a separate statement of facts in this form may constitute grounds for denial of the motion.

(2) <u>Controverting Statement of Facts</u>: Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (a) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (b) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

(3) <u>Reply Statement of Facts</u>: If the party opposing summary judgment sets forth additional facts, the moving party shall file a statement, separate from the reply brief, with correspondingly numbered paragraphs indicating whether the party admits or disputes the statement of fact set forth in that paragraph and, if disputed, a reference to the specific admissible portion of the record supporting the party's position. Facts that are not already included in the motion and/or opposition are not permitted.

(4) <u>Alternative Procedure</u>: As an alternative to filing a statement of facts and controverting statement of facts, the movant and the party opposing the motion may jointly file a stipulation signed by the parties setting forth a statement of the stipulated facts and the following statement: "The parties agree there is no genuine issue of any material fact." As to any stipulated facts, the parties so stipulating may state that their stipulations are entered into only for the purpose of the motion for summary judgment and are not intended to be otherwise binding.

**H.     Exchange and Filing of Pretrial Disclosures**: By September 28, 2016, lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange the papers described in Rule 26(a)(3). These papers must be filed with the Court by October 13, 2016.

**I.     Joint Pretrial Conference Statement**: By October 13, 2016, the parties shall file a joint pretrial conference statement with the following information:

>  (1) Substance of the Action: A brief description of the substance of claims and defenses which remain to be decided.
>
>  (2) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.
>
>  (3) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.
>
>  (4) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain to be decided.
>
>  (5) Disputed Legal Issues: Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.
>
>  (6) Agreed Statement: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.
>
>  (7) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.
>
>  (8) Amendments or Dismissals: A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.
>
>  (9) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each party's case.
>
>  (10) Bifurcation or Separate Trial of Issues: A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.
>
>  (11) Settlement: A statement summarizing the status of the parties' settlement negotiations and indicating whether further negotiations are likely to be productive.

**J.     Witness list**: A witness list shall be provided as an appendix to the joint pretrial conference

statement. The following information should be included. For each party, a list of all witnesses to be called for trial, including those appearing by deposition. For each witness, a statement of the substance of his or her testimony and an estimate regarding the length of testimony (including direct and cross-examination).

If the witness is an expert witness, the statement should clearly state the expert's theories and conclusions and the bases therefor, which shall also specify to which disputed fact the testimony relates, and an estimate of the time required for direct and cross examination. In addition, the expert's curriculum vitae and report (if any) should be attached. If there are objections to a live witness's testimony, whether in whole or in part, that objection should be raised through a motion in limine.

No party shall be permitted to offer any witness that is not disclosed in its witness list, except with leave of the Court for good cause shown.

**K.     Exhibit list**: A joint list of all exhibits to be offered at trial shall be provided as an appendix to the joint pretrial conference statement. Plaintiff(s) shall mark the exhibits numerically; Defendant(s) shall mark the exhibits alphabetically. The list shall state each proposed exhibit by its number or alphabetical letter, description and sponsoring witness. All documents shall be authenticated prior to trial. The list shall include a joint exhibit list in tabular form, with (a) a column that briefly describes the exhibit; (b) a column that describes for what purpose the party will offer the exhibit and identifies its sponsoring witness; (c) a column that states any objections to the exhibit; (d) a column that briefly responds to the objections; and (e) a blank column for the Court's use. Before this list is filed, the parties shall meet and confer, in person, to consider eliminating duplicate exhibits, and to make a good faith effort to stipulate to admissibility. No party shall be permitted to offer any exhibit that is not disclosed in its exhibit list

**L.     Use of Discovery Responses**: Excerpts of interrogatory responses, responses to requests for admission, and deposition testimony (with specific line references identified) that each party intends to present at trial shall be included as an appendix to the joint pretrial conference statement. If there are objections to the use of written responses, the parties should include a joint

memorandum that briefly states the objecting party's objection and the opposing party's response. If there is an objection to the general subject matter of a deponent's testimony, the objection should be made through a motion in limine. The Court expects the parties to meet and confer in good faith in an attempt to resolve specific objections before any statements are filed.

**M.**     **Motions in limine**:  The parties are directed to meet and confer in person to resolve any evidentiary disputes prior to filing motions in limine.  Any motions in limine shall be filed by October 13, 2016, with oppositions due by October 20, 2016.  Each motion in limine should address a single topic and contain no more than seven pages of briefing per side.  Reply briefs are not permitted.

**N.**     **Trial Briefs**: Each party shall file a trial brief, not to exceed 15 pages absent Court order, by October 13, 2016.  The trial briefs shall: (1) summarize the party's theory of the case; (2) identify key evidence; and (3) provide the applicable legal standard, pursuant to Ninth Circuit authority, for all controlling issues of law, including foreseeable procedural and evidentiary issues.

**O.**     **Voir Dire**: In a jury trial, the parties shall file a <u>joint</u> set of requested voir dire to be posed by the Court, as well as any separate questions upon which counsel cannot agree, by October 13, 2016.  These shall also be submitted to the Court on a portable storage device (such as a USB thumb drive) in Microsoft Word format.  Any question on which the parties cannot agree shall be marked as "disputed" and included within the joint set.  Counsel will be allowed brief follow-up voir dire after the Court's questioning.

**P.**     **Jury Instructions**: In a jury trial, the parties shall file a <u>joint</u> set of proposed jury instructions by October 13, 2016.  These shall also be submitted the to the Court on a portable storage device in Microsoft Word format.  Jury instructions should conform to the Manual of Model Civil Jury Instructions for the Ninth Circuit.  The instructions shall be ordered in a logical sequence, together with a table of contents.  Any instruction on which the parties cannot agree shall be marked as "disputed" and included within the jointly submitted instructions, in the place where the party proposing the instruction believes it should be given.  Argument for and against each disputed instruction shall be included on a separate page directly following the disputed instruction.  At the close of Defendant's case in chief the Court shall hear oral argument on the

1  disputed jury instructions and will then render its rulings.

2  **Q.** **Proposed Verdict Forms**: In a jury trial, the parties shall file a joint proposed verdict form
3  by October 13, 2016.  If the parties are unable to stipulate to a verdict form, then each party or side
4  shall submit a proposed verdict form.  The parties shall also submit the forms to the Court on a
5  portable storage device.

6  **R.** **Proposed Findings of Fact and Conclusions of Law**: In a bench trial, each party shall
7  file proposed findings of fact and conclusions of law by October 13, 2016.  The parties shall also
8  submit the proposed findings to the Court on a portable storage device.

9  **S.** **Pretrial Conferences**: The Court shall hold an initial pretrial conference on November 03,
10 2016 at 10:00 a.m., in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco,
11 California.  Lead counsel who will try the case must attend the pretrial conference.  The purpose
12 of the pretrial conference is for the Court to rule on any issues raised in the pretrial conference
13 statement, motions in limine, and to discuss the trial of the case.  The Court shall hold a final
14 pretrial conference on December 01, 2016 at 10:00 a.m. in Courtroom B, to address any
15 outstanding trial issues.

16 **T.** **Trial**: The Court shall conduct a bench trial in this matter.  The trial shall commence on
17 December 12, 2016 (Trial schedule: Monday through Friday, 9:30 a.m. to 3:30 p.m.), and last 3
18 days.  In a jury trial, jury selection begins at 9:30 a.m. on the first day of trial.

19 For any documents that will be shown to a witness but not admitted into evidence, counsel
20 shall bring the original plus three copies of the documents.  The original document will be handed
21 to the Court during testimony and the copies will be given to the witness and opposing counsel
22 during examination.

23 The parties shall maintain their own exhibits during trial.  Plaintiff(s) shall mark the
24 exhibits numerically; Defendant(s) shall mark the exhibits alphabetically.  Exhibits must be
25 premarked with tags attached to the upper left-hand corner.  Sample tags may be obtained from the
26 Courtroom Deputy and are attached hereto.  If a photo or chart is being used as an exhibit, the
27 exhibit tag should be placed on the back side of the exhibit.  The Court will only admit pre-marked
28 exhibits which were listed on the earlier filed exhibit list.  On the day of trial, counsel shall bring

United States District Court
Northern District of California

the original pre-marked exhibits plus two copies, one for opposing counsel and one (in binders with appropriate label dividers) for the Court.  The exhibit binders are to be given to the Courtroom Deputy on the morning of the trial.

**U.**     **Transcripts and Courtroom Technology**:

1)     Any party requesting a daily transcript and/or real time reporting shall contact Debra Campbell, Supervisor Court Reporting Services, at (415) 522-2079, at least 14 days in advance of the trial date.

2)     All parties are instructed to review the information regarding the use of courtroom technology and electronic evidence presentation, which is provided on the Court's web site at http://cand.uscourts.gov/courtroomtech, and to prepare accordingly.  Questions and/or requests to pre-test equipment should be sent to the courtroom deputy.

If any party will utilize their own video recording equipment or demonstrative devices, a signed order will need to be obtained at least 14 days in advance of the trial or hearing date for the items to clear security.

**IT IS SO ORDERED.**

Dated: October 16, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case #: 15-cv-03263-MEJ<br>Plntf Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Plntf Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Plntf Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk |
| Case #: 15-cv-03263-MEJ<br>Plntf Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Plntf Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Plntf Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk |
| Case #: 15-cv-03263-MEJ<br>Plntf Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Plntf Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Plntf Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk |
| Case #: 15-cv-03263-MEJ<br>Deft Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Deft Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Deft Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk |
| Case #: 15-cv-03263-MEJ<br>Deft Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Deft Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Deft Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk |
| Case #: 15-cv-03263-MEJ<br>Deft Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Deft Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk | Case #: 15-cv-03263-MEJ<br>Deft Exhibit No<br>Date Admitted:<br>By:<br>Rose Maher, Deputy Clerk |