

**U.S. Department of Justice**

Environment and Natural Resources Division

*90-1-24-04167*

| | |
|---|---|
| *Law and Policy Section* | *Telephone (202) 514-1442* |
| *P.O. Box 7415* | *Facsimile (202) 514-4231* |
| *Ben Franklin Station* | |
| *Washington, DC  20044-7415* | |

## VIA ELECTRONIC CASE FILING

April 25, 2016

Clerk's Office
United States District Court
Northern District of California, San Francisco
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102

    Re:    *California River Watch v. County of Mendocino et al.,* United States District Court for the Northern District of California, Case No. 3:15-cv-3263 MEJ

Dear Clerk of Court:

    I am writing to notify you that the United States has reviewed the proposed settlement agreement in the above-captioned case and has no objections to the agreement.

    On March 11, 2016, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed settlement agreement for review pursuant to Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.[1]

---

[1] For purposes of the United States' right of review, the term "consent judgment" in the Clean Water Act citizen suit provision has a broad meaning, and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, the United States views a document stipulating to dismissal of a case or any part thereof would be within the scope of this language. Such documents and any associated instruments (even if not submitted to the Court) must be submitted to the United States for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement.

In its review, the United States seeks to ensure that a consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project (SEP) payment sufficient to deter future violations, or combinations of the above.

In its complaint, the plaintiff alleged violations of the Clean Water Act for failure to implement effective best management practices (BMPs) in the Storm Water Pollution Prevention Plan for the Caspar Waste Transfer Station (Site) and for unlawful discharges from the Site, which is owned by the County of Mendocino (County) and the City of Fort Bragg (City) and operated by Solid Waste of Willits, Inc. In terms of injunctive relief, Section 2 of the proposed settlement agreement provides that the defendants will implement fully, update, and keep current the Site's Storm Water Pollution Prevention Plan so that it is consistent with the State Water Resources Control Board's General Industrial Activities Storm Water Permit (General Permit). In addition, to the extent required monitoring reports are not available on the Regional Water Quality Control Board's storm water database, the defendants will provide the plaintiff, upon request, with a copy of reports concerning matters addressed in the settlement. The plaintiff will also conduct one Site visit within one year of the effective date of the settlement to review BMPs aimed at ensuring compliance with the General Permit. Under Section 3.3 of the proposed settlement agreement, the County and City will pay the plaintiff $25,000 in attorneys' fees and costs, with the County paying two-thirds and the City paying one-third of this amount. The United States notes for the record that the settlement does not incorporate civil penalties, which are an available and typically appropriate remedy under the Clean Water Act.

Given the facts of this case, the United States has no objection to the proposed settlement agreement. We accordingly notify the Court of that fact.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, 45 days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3).

      We appreciate the attention of the Court.  Please contact the undersigned at (202) 305-0641 if you have any questions.

                                            Sincerely,

                                            */s/ Frederick H. Turner*
                                            Frederick H. Turner, Attorney
                                            U.S. Department of Justice
                                            Environment & Natural Resources Division
                                            Law and Policy Section
                                            P.O. Box 7415
                                            Washington, D.C.  20044-7415

cc:      Counsel of Record via ECF